## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WARING LESTER,

        Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

        Defendant.

Case No. 1:23-cv-04064-ELR

## PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES FOR OBJECTIONS TO THE MAGISTRATE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff Waring Lester respectfully moves for leave to file a twenty-three (23) page objection to the Magistrate Judge's Order and Final Report and Recommendation (Doc. 114). In support, Plaintiff states as follows:

### I. Applicable Page Limits

The Court's Instructions for Cases Assigned to the Honorable Eleanor L. Ross provide: "Objections to a Magistrate Judge's Report and Recommendation and Responses to those Objections shall be limited to fifteen (15) pages, absent special permission of the Court."

Plaintiff respectfully seeks leave to file a 23-page objection — which is eight (8) pages beyond the Court's 15-page case-specific instruction; but two pages fewer than the 25 pages generally permitted under Local Rule 72(E).

1

## II. The Scope of the R&R Necessitates a Modest Enlargement

The Order and Final Report and Recommendation spans fifty (50) pages and addresses multiple distinct issues, including exclusion of portions of declarations, rejection of Plaintiff's theory as a "new theory", application of summary judgment standards, and entry of summary judgment on Plaintiff's discrimination and retaliation claims.  The R&R does not merely recommend summary judgment. It excludes central evidence and narrows the evidentiary record before analyzing the merits.  Plaintiff's objections must therefore address both the evidentiary rulings and the Rule 56 analysis conducted after those exclusions.

Given the breadth of the R&R, a 15-page limitation would materially restrict Plaintiff's ability to present focused, record-supported objections necessary for *de novo* review under 28 U.S.C. § 636(b)(1).

## III. Good Cause Exists

Good cause exists for the requested enlargement because the objections address distinct legal determinations involving Rule 26 disclosure obligations, Rule 37(c) exclusion standards, the characterization of evidentiary development as "ambush litigation", the "new theory" conclusion, and the governing Rule 56 framework under Eleventh Circuit precedent.  Each requires analysis and citation to authority.

The R&R excludes evidence that directly challenges the integrity of

Defendant's investigation and the credibility of its proffered reason for termination. Because those exclusions materially shape the summary judgment analysis, Plaintiff must address both layers of the ruling.

Plaintiff seeks 23 pages — not the 25 pages generally allowed under Local Rule 72(E), and not an unlimited extension.

### IV. The Extension Will Not Cause Prejudice or Delay

Granting leave to file a 23-page objection will not delay proceedings, will not require additional briefing beyond what is already permitted, and will assist the Court in conducting *de novo* review of a 50-page R&R involving intertwined evidentiary and merits determinations.

### V. Conclusion

For the foregoing reasons, Plaintiff respectfully requests leave to file a twenty-three (23) page objection to the Magistrate Judge's Order and Final Report and Recommendation.

A proposed order is submitted herewith.

Respectfully submitted this 16th day of February, 2026.

**STRICKLAND DEBROW LLP**

*/s/ Vernon M. Strickland*
Vernon M. Strickland
Georgia Bar No. 345346
Kimberly Bourroughs Debrow
Georgia Bar No. 231480
Joy D. Bonner

Georgia Bar No. 43979
246 Bullsboro Drive, Suite A
Newnan, Georgia 30263
Tel: (470) 683-4402
Fax: (470) 683-4412
vstrickland@stricklanddebrow.com
kbdebrow@stricklanddebrow.com
jbonner@stricklanddebrow.com

*Counsel for Plaintiff Waring Lester*

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

WARING LESTER,

      Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

      Defendant.

Case No. 1:23-cv-04064-ELR

## CERTIFICATE OF RULE 7.1 COMPLIANCE
## AND CERTIFICATE OF SERVICE

I hereby certify that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.  I also certify that on February 16, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 16th day of February, 2026.

/s/ Vernon M. Strickland
Vernon M. Strickland
Georgia Bar No. 345346