# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WARING LESTER,

      Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

      Defendant.

Case No. 1:23-cv-04064-ELR-AWH

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO R&R [ECF NO. 114]

Magistrate Judge Anna Howard entered a thorough and well-reasoned Report and Recommendation ("R&R") [ECF No. 114] recommending that the Court grant Defendant UPS's motion for summary judgment, exclude theories and evidence first raised at summary judgment, and deny Plaintiff Waring Lester's motion to strike. Lester's oversized objections[1] do not identify legal or factual error warranting departure from those conclusions. (*See* Objections, ECF No. 120.)

Lester's objections seem to fall into two categories. First, he contends the Magistrate Judge misapplied Rule 56 by failing to view the evidence in the light most favorable to him. (*Id.* at 1-2.) Second, he argues that the Magistrate Judge improperly excluded evidence and an undeveloped "sham investigation" theory that

---

[1] The Court's Standing Order limits objections to R&Rs to 15 pages absent special permission.

Lester did not disclose during discovery. (*Id.* at 2.) Neither argument withstands scrutiny under 28 U.S.C. § 636(b)(1) or governing Eleventh Circuit law.

The Court should overrule Lester's objections and fully adopt the R&R. The Magistrate Judge correctly determined that Lester could not—for the first time at summary judgment—reframe his case around new factual theories and allegations not alleged in his pleadings or disclosed in discovery or deposition testimony.[2] Lester's objections do not meaningfully engage that reasoning or the controlling authority on which it rests. (*See id.* at 20-23.)

Even setting aside Lester's procedural infirmities, the Magistrate Judge did not err in granting summary judgment on Lester's claims against UPS. The record establishes, at most, Lester's disagreement with the wisdom of UPS's decision to terminate him, which is legally insufficient to create a genuine issue of material fact. Accordingly, the Court should overrule Lester's objections, adopt the R&R in its entirety, and enter judgment in UPS's favor.

## I.      STANDARD OF REVIEW

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Portions of the R&R to which no specific objection

---

[2] UPS addresses Lester's objections in the opposite order of how he presents them. If the Court adopts the R&R's conclusions that Lester's "sham investigation" theory cannot be raised at summary judgment, the Court need not address the Magistrate Judge's alternative justifications for granting summary judgment. (*See* R&R at 35 n.36, ECF No. 114.)

is made are reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006).

For portions to which objections are made, the Court conducts *de novo* review. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). That review, however, is not an invitation to relitigate summary judgment or reweigh evidence. Objections must be specific and must identify legal or factual error. *See United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report.").

Objections must do more than rehash the same arguments the Magistrate Judge rejected. *Martin v. Saul*, No. 19-23468-CIV, 2021 WL 803705, at *2 (S.D. Fla. Mar. 3, 2021), *aff'd sub nom.*, No. 21-11532, 2022 WL 1486387 (11th Cir. May 11, 2022) (citation omitted). "It is improper for an objecting party to attempt to relitigate the entire content by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Albu v. Home Depot, Inc.*, No. 1:15-CV-00412-ELR, 2017 WL 10752731, at *2 (N.D. Ga. Mar. 20, 2017) (Ross. J.) (quoting *Lamar v. State of Ala. Dep't of Conservation*, No. 1:14-cv-571-JDW-PWG, 2017 WL 517824, at *2 n.6 (M.D. Ala. Feb. 8, 2017)).

3

## II.    UNOBJECTED-TO FINDINGS SHOULD BE ADOPTED

Lester does not challenge multiple dispositive findings in the R&R, including:

- The recommendation to deny Lester's motion to strike (R&R at 1-4, ECF No. 114);

- The recommendation to exclude Paragraph No. 18 in Lester's declaration (*Id.* at 11-12);

- The Magistrate Judge's determination that numerous material facts in UPS's statement of material facts were admitted or not sufficiently disputed (*See id.* at 19-27, n. 6-27); and

- The Magistrate Judge's determination that Lester abandoned his claim for breach of contract (*Id.* at 49).

To the extent that Lester has not specifically challenged any aspect of the R&R, no clear error exists and the Court should adopt it. *Macort*, 208 F. App'x at 784.

## III.    THE COURT SHOULD OVERRULE LESTER'S OBJECTIONS

Lester fares no better in his objections. He fails to specifically identify any legal error or misapplication of the summary judgment standard. Instead, they largely restate arguments the Magistrate Judge considered and rejected, rely on excluded evidence, or ask the Court to draw inferences unsupported by the record.

### A.    The Magistrate Judge did not err by limiting Lester's case to what he pled in his Complaint and disclosed in discovery

Throughout discovery, Lester identified a single alleged bad actor, Bremerman, and he did not disclose any theory involving a coordinated conspiracy, fabricated interview notes, or a bad-faith anonymous complaint. (*See* R&R at 12-13, ECF No. 114.) Only at summary judgment did Lester attempt to recast the case

4

around those allegations. The Magistrate Judge correctly held that Lester could not introduce an entirely new theory of liability at that stage, explaining that allegations of "a conspiracy between multiple employees to cause Lester's termination, fabrication of interview notes, and a bad-faith 'anonymous' concern" were "nowhere to be found at prior points in this litigation." (*Id.* at 14 (citing *Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017)).)

The Magistrate Judge further rejected Lester's reliance on "notice pleading," correctly recognizing that it does not excuse a party's failure to disclose facts and theories during discovery or permit trial by ambush. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("Efficiency and judicial economy require that the liberal pleading standards under *Swierkiewicz* and Rule 8(a) are inapplicable after discovery has commenced."). Although Lester's objections attempt to draw a distinction between "new evidence" and a "new theory," they do not grapple with this authority or explain how the Magistrate Judge erred in applying it. (*See* Objections at 22, ECF No. 120; Notice Objection at 4-6; R&R at 14 (citations omitted).)

### B. The Magistrate Judge Correctly Applied the Summary Judgment Standard

Lester next argues that the Magistrate Judge failed to credit his evidence or properly apply the "convincing mosaic" framework articulated in *Ismael v. Rountree*, 161 F.4th 752 (11th Cir. 2025), asserting that the R&R improperly

"credit[ed] UPS's explanations and reject[ed] contrary inferences." (Objections at 4, ECF No. 120.) That argument misses the mark.

Much of the material Lester claims the Magistrate Judge "ignored" was never properly before the Court at summary judgment. As the R&R explains, Lester either failed to disclose the relevant facts and witness theories during discovery despite targeted requests, or advanced them to support a "sham investigation" narrative that was not disclosed in his pleadings, deposition testimony, or discovery responses. (*See* R&R at 5-14.) Under Rules 26(e)(1)(A) and 37(c)(1), Lester may not rely on late-disclosed facts, evidence, or theories to manufacture a genuine dispute. And to the extent Lester challenges those evidentiary rulings, the outcome doesn't change.

Lester's contention that the R&R misapplied the Eleventh Circuit's recent decision in *Ismael* likewise fails. The Magistrate Judge correctly identified the controlling inquiry as whether the record contains a sufficient evidentiary basis for a reasonable jury to find intentional discrimination or retaliation. (R&R at 33 (citing *Ismael*).) The R&R also correctly recognized that this inquiry may be satisfied through different forms of circumstantial proof—such as comparator evidence, suspicious timing or statements, and evidence of pretext—and that no single checklist is required under a "convincing mosaic" analysis. (*Id.* at 32-35 & n.35.)

Applying that framework, the Magistrate Judge addressed each category of evidence Lester relied upon—comparators, timing, alleged policy departures,

asserted pretext, and other proffered circumstances—and correctly concluded that none, individually or cumulatively, would permit a reasonable jury to infer discriminatory or retaliatory intent. (*Id.* at 32-41.) [3] Lester's objections largely re-argue those same points and rely on material excluded under Rules 26 and 37, but do not identify error in the R&R's analysis or its application of Rule 56.

### 1.    Temporal Proximity

Lester argues that the approximately nine-month gap between his alleged protected activity on January 29, 2021, and his termination on October 18, 2021, supports an inference of retaliation. (Objection at 5, ECF No. 120.) The Magistrate Judge correctly rejected that argument based on binding Eleventh Circuit precedent holding that far shorter intervals do not, without more, permit a reasonable inference of causation. (R&R at 34; *see also* Mot. for Summ. J. at 16 n.8.) [4] Under controlling law, a temporal gap of this length is insufficient as a matter of law to establish causation.

Lester now attempts to reframe the timeline by pointing to an April 5, 2021 anonymous complaint submitted by Jeff Grant. (Objection at 5, ECF No. 120.) That

---

[3] That analysis, however, is largely superfluous because the Magistrate Judge excluded Lester's "sham investigation" as an untimely theory change. (R&R at 35 n.36.)

[4] The Magistrate Judge expresses some confusion about whether UPS made a temporal proximity argument regarding the January 29, 2021 conversation. (*See* R&R at 31.) UPS did by arguing that both alleged acts of protected activity lacked sufficient temporal proximity to create an inference of causal connection. (*See* Mot. Summ. J. at 15-16 n.8.)

argument fails for multiple independent reasons. First, Lester did not raise this theory in his summary judgment briefing. Second, and more importantly, the undisputed record shows that the investigation leading to Lester's termination arose from a complaint submitted by Jerwin Burke—not Grant—and Lester identifies no evidence that Grant's complaint influenced the investigation, the decision-making process, or the termination decision in any way.

Absent evidence connecting the alleged protected activity to the adverse action through decision-maker knowledge or influence, temporal proximity cannot establish causation. Lester's attempt to rely on speculation or alternative reference points does not create a genuine dispute of material fact.

### 2.    Comparators

Lester argues that the Magistrate Judge erred by finding that he had not identified any similarly situated white employee who was treated better than Lester. (Objections at 5, ECF No. 120.) Again, the Magistrate Judge directly addressed and rejected Lester's comparator evidence, because Lester failed to provide evidence of *better treatment* of a similarly situated employee outside Lester's protected class, as required by *Lewis v. City of Union City*, 918 F.3d 1213, 1227–28 (11th Cir. 2019) (*en banc*) (*See* R&R at 35.) Lester's objections merely restate the same factual assertions the Magistrate Judge considered and rejected. Re-arguing those points does not establish error in the R&R's analysis.

### 3.    *Procedural Irregularities*

Lester then claims that the Magistrate Judge improperly disregarded "procedural irregularities" from the investigation, including:

- Alleged violations of UPS's discipline and conduct policy;

    o The Magistrate Judge correctly determined that Lester did not identify how UPS failed to comply with any policy. (R&R at 36-39, 48.)

- The submission of an "anonymous" concern against Lester;

    o The Magistrate Judge found no evidence that UPS policy prevented HR from raising concerns anonymously. (*Id.* at 36.)

- Lester's claim that he was not given notice of the investigation;

    o As the R&R notes, the record reflects that Lester was interviewed during the investigation, and Lester does not point to any policy or authority requiring UPS to disclose the precise theory or details of an ongoing investigation in the manner he proposes. (*Id.* at 36-39, 48.)

- The absence of progressive discipline against Lester; and

    o The R&R correctly treated this as an unsupported assertion rather than evidence of discriminatory deviation. (*Id.* at 36-39, 48.)

- His tenure with UPS.

    o Long service is not evidence that a termination was motivated by protected activity or a protected characteristic, and Lester offers no record evidence showing that UPS treated tenure differently depending on race or protected activity. The R&R properly declined to draw such an inference. (Objections at 6, ECF No. 120.)

In short, the Magistrate Judge reviewed the evidence Lester cited and correctly concluded that it did not support the procedural-irregularity narrative Lester

9

advances and failed to create a genuine issue of material fact on discriminatory or retaliatory intent. (R&R at 35-41.)

### 4.    Investigation Irregularities

Finally, Lester contends that UPS fabricated or manipulated evidence during the investigation leading to his termination and that purported factual disputes surrounding the investigation create a genuine issue for trial. The Magistrate Judge considered these arguments and correctly concluded that they do not support an inference of discrimination or retaliation and do not preclude summary judgment:

- Lester claims an employee, Vinny Manuel, testified that he was never interviewed by UPS. (Objections at 7, ECF No. 120.)

  o The record does not support that claim. UPS produced contemporaneous interview notes reflecting that Manuel was interviewed by two UPS employees. (Consolidated Interview Notes 72, ECF No. 78-18; Mauro/Cantrell Investigation Summary, ECF No. 78-16.) Additionally, Manuel testified only that he did not recall being interviewed regarding alleged retaliation against Jerwin Burke—not that the interview never occurred. (Manuel Dep. 30:1-6, Pl.'s Statement Material Facts, ECF No 99-21.)

- Lester claims that other witnesses "denied statements attributed to them" during the investigation. (Objections at 7, ECF No. 120.)

  o As the Magistrate Judge explained, these examples either rely on excluded evidence or mischaracterize the testimony. Gauthier submitted a generalized declaration that was properly excluded. (R&R at 5-11.) Washington testified that he could not recall certain statements reflected in interview notes, not that the statements were false. (Washington Dep. 168:13-169:25, ECF No. 102-5.) Elmessan was interviewed on two occasions, and the record contains no evidence that his statements were altered or fabricated. (*See* Pl.'s SOMF 55-61, ECF No. 99.)

- Lester claims that "[n]o substantiated 2020 hotline complaint existed." (Objections at 7.)

  o The record directly contradicts that assertion. UPS produced a February 25, 2020 complaint submitted by Burke that UPS determined was substantiated. (*See* 2020 Gauthier Concern 2, 4, UPS SOMF Ex. O, ECF No. 78-15.) The Magistrate Judge correctly noted that "with respect to Plaintiff's argument that there is no evidence of a 2020 complaint by Burke against Gauthier, the record appears to directly contradict this." (R&R at 40, ECF No. 114.)

From this, Lester relies on alleged inconsistencies, "conflicting sworn testimony," disputes over recollection, and disagreement with investigative conclusions to argue that the investigation was a "sham." (Objections at 7, ECF No. 120.) That is insufficient as a matter of law. Conflicting accounts and imperfect investigations occur routinely, and the Eleventh Circuit has repeatedly held that courts do not second-guess an employer's resolution of such disputes absent evidence that unlawful animus motivated the decision. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*); *see also Flowers v. Troup Cnty., Ga., Sch. Dist.*, 803 F.3d 1327, 1338 (11th Cir. 2015); *see also Siddiqui v. NetJets Aviation, Inc.*, 773 F. App'x 562, 564-65 (11th Cir. 2019).

To survive summary judgment, Lester must present evidence not only that UPS's conclusion was mistaken, but also sufficient evidence to create a genuine issue of material fact regarding discriminatory or retaliatory intent. *McNeal v. Int'l Paper*, No. 21-12672, 2022 WL 5434274, at *4 (11th Cir. Oct. 7, 2022) (citation

11

omitted); *see also, e.g., Ward v. Troup Cnty. Sch. Dist.,* 856 F. App'x 225, 228-29 (11th Cir. 2021).

Because Lester fails to raise a genuine dispute as to UPS's good-faith belief that Lester retaliated against Burke, in violation of UPS's anti-retaliation policy, his discrimination and retaliation claims fail as a matter of law. *See, e.g., Total Sys. Servs., Inc.,* 221 F.3d at 1176; *Tiggs-Vaughn v. Tuscaloosa Hous. Auth.,* 385 F. App'x 919, 923 (11th Cir. 2010) (finding that plaintiff "failed to present evidence rebutting PNC's stated legitimate reason for his termination. Although Bhuiyan disputes that he submitted a false referral, he offers no evidence to call into question PNC's belief that a false referral occurred."); *Elrod v. Sears, Roebuck & Co.,* 939 F.2d 1466, 1471 (11th Cir. 1991); *Anderson v. Emory Healthcare, Inc.,* No. 21-13358, 2022 WL 3099342, at *4 (11th Cir. Aug. 4, 2022) (affirming summary judgment for termination arising from investigation because "[e]ven if Allen was mistaken in her belief that Anderson violated Emory's policy and lied during the internal Trust Line investigation, Anderson was required to show not only that Emory's proffered reason for her termination was false, but also that the real reason for her termination was unlawful discrimination.").

## IV.    Even If the Court Considers Plaintiff's Proffered Evidence, Summary Judgment Is Still Required

Even if the Court considers the evidence and factual assertions Lester relies upon in his objections, including material the Magistrate Judge properly excluded

and arguments not timely raised during discovery, summary judgment remains warranted because no reasonable jury could conclude that UPS terminated Lester because of a protected characteristic or protected activity. (*See* R&R at 35-48, ECF No. 114.)

At bottom, Lester's case rests on disagreement with how UPS conducted its internal investigation and pure speculation. But Eleventh Circuit law is clear that perceived flaws in an investigation, witness credibility disputes, or disagreement with investigative conclusions do not create a triable issue absent evidence that unlawful discrimination or retaliation actually motivated the employer's decision. *Chapman*, 229 F.3d at 1030. Nor does Lester identify a basis to find a genuine issue of material fact regarding intentional discrimination or retaliation by the Concerns Committee. (*See* R&R at 46.)

Lester's allegations of investigative irregularities—such as purported inconsistencies in interview notes, lapses in witness recollection, and disputes over substantiation—do not undermine UPS's legitimate, non-retaliatory reason for termination: its good-faith belief that Lester retaliated against an employee in violation of UPS policy. Courts do not sit as a "super-personnel department" reviewing the accuracy or wisdom of internal investigations; the relevant inquiry is whether the decisionmakers honestly believed the misconduct occurred. *Elrod*, 939

13

F.2d at 1470; *Total Sys. Servs.,* 221 F.3d at 1176. Lester offers no evidence that they did not.

Nor does Lester establish causation through temporal proximity, comparator evidence, or alleged policy deviations. The undisputed timeline reflects a substantial gap between any protected activity and the termination decision, which is legally insufficient to support an inference of retaliation. *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1364 (11th Cir. 2007). Lester also fails to identify a similarly situated employee outside his protected class who engaged in comparable conduct and received more favorable treatment, or any policy requiring progressive discipline or specific investigative procedures. *Lewis*, 918 F.3d at 1227-28.

Viewed cumulatively under a "convincing mosaic" framework, the record still does not support a reasonable inference of discriminatory or retaliatory intent. At most, Lester identifies workplace disputes and challenges the quality of an internal investigation. That is not enough. *Ismael*, 161 F.4th 752. Accordingly, even under de novo review and even crediting Lester's proffered evidence, UPS is entitled to summary judgment as a matter of law.

## V.   CONCLUSION

The Magistrate Judge entered a thorough and well-reasoned R&R recommending summary judgment. Lester responded with a set of procedurally and substantively defective objections, none of which provide a sufficiently specific

14

challenge to justify departing from the R&R. Accordingly, UPS respectfully requests that the Court overrule Lester's objections, adopt the Magistrate Judge's R&R in full, and enter judgment in UPS's favor.

Respectfully submitted, this 2nd day of March, 2026.

*s/ Alex Meier*

Alex Meier
Georgia Bar No. 282350
LEE MEIER BURKE
695 Pylant Street
Suite 105
Atlanta, GA 30306
Telephone: 404.999.4798

*Counsel for Defendant*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

Pursuant to L.R. 7.1D (N.D. Ga.), the undersigned certifies through undersigned counsel that this filing has been prepared in Times New Roman, size 14-point font, which is one of the fonts approved by L.R. 5.1C (N.D. Ga.).

*s/ Alex Meier*
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of March, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to all counsel of record.

*s/ Alex Meier*
*Counsel for Defendant*