**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WARING LESTER,

      Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

      Defendant.

Case No. 1:23-cv-04064-ELR

## PLAINTIFF'S RULE 59(e) AND RULE 60(b) MOTION FOR RECONSIDERATION

Plaintiff Waring Lester respectfully moves for reconsideration of the Court's Order (Doc. 124) (the "Order") adopting the Magistrate Judge's Report and Recommendation and granting summary judgment to Defendant United Parcel Service, Inc. ("UPS").

This motion is brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) to correct clear legal and factual errors and to prevent manifest injustice.

The Order rests on two dispositive errors:

1. The Court erroneously excluded evidence of a "sham investigation" as a purported "new theory," despite that allegation being expressly pleaded in the Complaint; and

2. The Court excluded the declaration of Jason Gauthier under Rule 37(c)(1),

1

even though no requisite violation of Rule 26(a) or (e) occurred, and UPS itself identified Gauthier as a witness in its Initial Disclosures.

Both rulings are contrary to the record, inconsistent with governing law, and resulted in the exclusion of critical pretext evidence.  Reconsideration is necessary to correct clear error and preserve the integrity of the judgment.

## I.    STANDARD OF REVIEW

A Rule 59(e) motion may be granted to correct clear error of law or fact or to prevent manifest injustice. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  Although an extraordinary remedy, Rule 59(e) is appropriate where the Court has misapprehended the record or controlling law.

Rule 60(b)(1) and (6) provide relief from judgment for mistake, clear error, or any reason justifying relief.  Relief is warranted where a judgment is premised on clearly erroneous factual findings or legal conclusions.  See *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

Because these errors concern exclusion of evidence and mischaracterization of the pleadings, they directly affect the summary judgment record and should be corrected to preserve meaningful appellate review.

## II.    THE COURT CLEARLY ERRED IN EXCLUDING EVIDENCE OF THE "SHAM INVESTIGATION"

### A. The Court's Finding That the Theory Was "New" Is Factually Incorrect

The Court excluded evidence of a "sham investigation" on the ground that Plaintiff raised a new theory at summary judgment. (Order at 8). That finding is demonstrably incorrect.

The Complaint expressly alleges that UPS's "purported **internal investigation** concerning Jerwin Burke **was** pretext and **a sham** for racial discrimination against Mr. Lester." (Compl. ¶ 79) (emphasis added). This allegation squarely places the integrity of the investigation at issue.

The Court's conclusion that this theory was newly asserted is therefore a clear factual error warranting reconsideration under Rule 59(e) and Rule 60(b)(1).

### B. The Court Relied on a Ground Never Raised by UPS

UPS's Notice of Objection did not challenge a "sham investigation" theory. Notably, nowhere does UPS's objection even mention "sham investigation." (See Doc. 111). Instead, UPS argued that Plaintiff improperly expanded the group of alleged actors beyond Bremerman. (Doc. 111 at 5-6).

Plaintiff responded to that argument. (Doc. 113 at 5-6).

The Court nevertheless excluded evidence on a different ground—that the "sham investigation" was a new theory. Because that issue was never raised or

briefed, the ruling constitutes reversible error and violates basic principles of adversarial adjudication.

## C. The Court's Ruling Directly Conflicts with Rule 8 and Controlling Eleventh Circuit Authority

The Court's exclusion of Plaintiff's "sham investigation" evidence rests on a legal premise that is incompatible with Rule 8 and controlling Eleventh Circuit precedent. The ruling should be reconsidered because it imposes a pleading burden that federal law expressly rejects.

Rule 8 requires only a "short and plain statement" sufficient to provide fair notice of the claim and its grounds. Fed. R. Civ. P. 8(a). It does not require a plaintiff to plead legal theories, evidentiary detail, or the precise manner in which proof will be established. The Supreme Court has made this clear: a complaint need not identify the correct legal theory so long as it alleges facts giving rise to a claim. *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014); *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

The Eleventh Circuit applies that principle in a way that forecloses the Court's ruling here. A plaintiff may not raise a new claim at summary judgment—"[b]ut no amendment is required if the complaint 'put the defendant on notice' of the claim.'" *Naeh Media Grp. LLC v. City of Lauderhill*, 2024 U.S. App. Lexis 6358 at *7-8 (11th Cir. March 18, 2024). "At bottom, the complaint must identify any 'basis for liability' relied on at summary judgment." *Id.* at *8. Evidence developed in discovery that supports that basis is not a "new theory"; it is simply proof.

4

That rule controls this case.

Plaintiff's Complaint expressly alleges that UPS's "purported internal investigation… was pretext and a sham for racial discrimination against Mr. Lester." (Compl. ¶ 79).  This is not a passing reference.  It is a direct allegation that the investigation itself was fraudulent and discriminatory.  That allegation alone satisfies Rule 8 because it squarely places the integrity of UPS's investigation—and thus pretext—at issue.

Once that allegation was pleaded, Plaintiff was entitled to develop evidence in discovery showing *how* the investigation was a sham.  See Fed. R. Civ P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." ).  And Rule 56(c) mandates that the nonmoving party may rely on depositions, documents, affidavits, and other discovery materials to support their position.  That is precisely what occurred.  Evidence that UPS fabricated interview summaries, mischaracterized witness statements, and conducted an irregular investigation does not alter the nature of the claim.  It substantiates it.

The Eleventh Circuit's decision in *Naeh Media Group LLC v. City of Lauderhill* makes this point unmistakably clear. There, the district court excluded summary judgment evidence as a "new claim." 2024 U.S. App. Lexis 6358 at *8-9. The Eleventh Circuit reversed, holding that such evidence was not a new claim but

"additional facts asserted in support of the [claim] already pled the complaint." *Id.* at 9. The court emphasized that Rule 8 requires only notice of the basis for liability—not a detailed exposition of the evidence that will later prove it: "'This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.'" *Id.* at 7 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)).

The same error occurred here. The Court did not identify any new claim. It instead excluded evidence supporting an expressly pleaded allegation. That is precisely what *Naeh Media* prohibits.

Nor does *Swint v. City of Carrollton*, 859 Fed. Appx. 395 (11th Cir. 2021) support the Court's ruling. *Swint* stands for the proposition that a plaintiff cannot raise an entirely new claim at summary judgment. *Id.* at 399. But here, Plaintiff did exactly the opposite: he pleaded the sham investigation theory in his Complaint and then supported it with evidence obtained in discovery. *Swint* therefore underscores the error—it distinguishes between new claims (impermissible) and evidence supporting existing claims (permissible). This case falls squarely in the latter category.

However, the Court's ruling collapses that distinction. By excluding evidence because it was not fully detailed in the Complaint, the Court effectively required

6

Plaintiff to plead the evidentiary particulars of the sham investigation —including fabricated statements and investigative misconduct, which was impossible without discovery. That is not Rule 8. Instead, it is a heightened pleading standard that the Supreme Court and Eleventh Circuit have repeatedly rejected.

Even more fundamentally, the ruling inverts the structure of federal litigation. As the Eleventh Circuit explains, Rule 8's "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues." The Court's approach does the opposite—it excludes evidence precisely because it was developed through discovery.

That is reversible error.

Because Plaintiff's allegation that UPS's investigation was "a sham for racial discrimination" satisfied Rule 8 and placed UPS on notice of the claim, the Court was required to consider the evidence supporting that allegation at summary judgment. Its failure to do so constitutes a clear misapplication of governing law and requires reconsideration.

## D. Development of Evidence Supporting a Pleaded Theory at Summary Judgment Is Proper and Expected

Even apart from Rule 8, the Court's ruling conflicts with the basic structure of federal litigation: once a factual theory is pleaded, a plaintiff is entitled to develop and support that theory with evidence obtained in discovery and presented at

summary judgment. *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 479 (7th Cir. 2019).

Additionally, the Eleventh Circuit has made clear that the relevant inquiry is not whether a theory is articulated at the pleading stage, but whether the defendant had notice of the factual basis for liability and an opportunity to defend against it. *McCreight v. AuburnBank*, 117 F.4th 1322, 1332 (11th Cir. 2024). Where that notice exists, a plaintiff may present additional evidence and even refine the theory of liability at summary judgment—so long as it does not introduce new factual allegations that would cause prejudice. *Id.*

That principle applies squarely here.

Plaintiff did not introduce **any** new factual theory at summary judgment. The Complaint expressly alleged that UPS's investigation "was pretext and a sham for racial discrimination." (Compl. ¶ 79). UPS joined issue on that allegation in its Answer, "den[ying] the allegations in paragraph 79 of the Complaint." (UPS's Answer to Verified Complaint at 25 (Doc. 8)).

The **evidence** presented at summary judgment—showing fabricated interview summaries and irregular investigative conduct—does not alter the factual theory. It develops it.

This distinction is dispositive. Courts may reject new theories raised at summary judgment only where they are accompanied by new factual allegations that

8

prejudice the opposing party. *McCreight*, 117 F.4th at 1332. But where, as here, the factual theory was pleaded from the outset and the evidence merely elaborates on that theory, exclusion is improper.

UPS cannot demonstrate prejudice. It had full notice that the integrity of its investigation was at issue, controlled the relevant evidence, and had every opportunity to conduct discovery on that issue. Under these circumstances, the Federal Rules required the Court to consider the evidence—not exclude it.

### E. The Error Was Outcome-Determinative

Evidence that an employer conducted a sham or manipulated investigation is classic proof of pretext under Title VII. See, e.g., *Harden v. Marion Cnty. Sheriff's Dep't*, 799 F.3d 857, 864 (7th Cir. 2015) ("In a typical sham investigation, persons conducting the investigation fabricate, ignore, or misrepresent evidence, or the investigation is circumscribed so that it leads to the desired outcome (for instance, by deliberately failing to interview certain witnesses)."); *Burley v. AMTRAK*, 801 F.3d 290, 296 (D.C. Cir. 2015) ("An employer's investigation that is so unsystematic and incomplete that a factfinder could conclude that the employer sought, not to discover the truth, but to cover up its own discrimination can also permit a factfinder to find pretext.").

By excluding fabricated interview evidence, irregular investigative procedures, and coordinated misconduct across departments, the Court removed the

9

core evidentiary basis for Plaintiff's claim.  See e.g., *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147 (2000) ("In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'")

This constitutes manifest injustice warranting relief under both Rule 59(e) and Rule 60(b)(6).

### III.    THE COURT CLEARLY ERRED IN EXCLUDING THE GAUTHIER DECLARATION BECAUSE RULE 37(c)(1) DOES NOT APPLY AND UPS CANNOT SHOW PREJUDICE

The Court's exclusion of the Declaration of Jason Gauthier constitutes clear legal error because Rule 37(c)(1) does not apply in the absence of a Rule 26 violation, and no such violation occurred here.  The ruling is further erroneous because UPS itself disclosed Mr. Gauthier and cannot establish prejudice as a matter of law.

#### A. There Was No Violation of Rule 26(a) or Rule 26(e)

Rule 37(c)(1) is triggered only where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1). Thus, exclusion is improper unless there is a threshold failure to comply with Rule 26.

There was no such failure in this case.

10

First, UPS—not Plaintiff—identified Jason Gauthier in its Initial Disclosures as a witness with knowledge, including knowledge relating to "his interview as part of UPS's investigation."  This disclosure satisfies Rule 26(a)(1)(A)(i) as to both the identity of the witness and the subject of his knowledge.

Second, there was no failure to supplement under Rule 26(e), which requires supplementation only "if the party learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e).

Here, the critical facts underlying Mr. Gauthier's declaration were not known—and could not have been known—until UPS produced the Interview Summary (UPSLES_00002389–2390) during discovery, and Mr. Gauthier reviewed it.  As Mr. Gauthier attests, he had never seen that document prior to June 3, 2025, and only upon reviewing it did he discover that it contained materially false statements attributed to him by UPS investigator Jeff Cantrell.  (Declaration of Jason Gauthier at ¶ 14 (June 3, 2025) (Doc. 99-2)).  He further confirms that he did not make those statements.  (*Id.* ¶¶ 15-16).

Because Plaintiff did not possess this information earlier, there was nothing to supplement.  Once discovered, the information was timely presented in connection with summary judgment.

Accordingly, Rule 37(c)(1) has no application because there was no violation of Rule 26(a) or 26(e).

11

**B. Rule 37(c)(1) Does Not Apply Where the Objecting Party Disclosed the Witness**

Even apart from the absence of any Rule 26 violation, the Court's ruling is erroneous because it applies Rule 37(c)(1) to exclude testimony from a witness disclosed by the objecting party itself.

Rule 37(c)(1) is designed to prevent unfair surprise—not to exclude testimony from known witnesses. The Advisory Committee Notes confirm that the rule targets "sandbagging" through undisclosed evidence, not evidence already known to the opposing party.

Courts consistently reject exclusion under Rule 37 where the opposing party was aware of the witness and the subject matter of the testimony. See e.g.:

- *Long v. E. Coast Waffles, Inc.*, 762 Fed. Appx. 869, 871 (11th Cir. 2019) (holding that the trial court did not err in allowing the trial testimony of an expert witness disclosed 65 days following the Rule 26 deadline, where the opposing party failed to depose the expert and waited several months to object to the disclosure as an alleged surprise on the eve of trial).

- *Whitlow v. WestRock Servs., LLC*, 2021 U.S. Dist. LEXIS 241989, *8(M.D. Ala. December 20, 2021) (denying the defendant's motion to strike where Plaintiff failed to specifically list a witness in his Rule 26 disclosures, however referenced the witness in his deposition);

12

- *Scalia v. Elder Res. Mgmt.*, 2020 U.S. Dist. LEXIS 236207, *8-9 (W.D. Pa. December 16, 2020) (denying the defendants' motion to open discovery for plaintiff's failure to supplement its initial disclosures pursuant to Rule 26 and prior to resolving plaintiff's motion for summary judgment relying on subpoenas, because defendants were provided adequate notice of plaintiff's likely use of the subpoenas in its dispositive motions and chose not to depose the declarants therein).

These authorities reflect a consistent principle: once a witness is disclosed, the burden shifts to the opposing party to pursue discovery.  That principle applies with even greater force here, where it is even beyond the courts' discretion to exclude witnesses disclosed and interviewed by the objecting party.  UPS identified Mr. Gauthier as a witness, defined the subject of his knowledge (the investigation), possessed the investigative materials at issue, and had full opportunity to depose him.  UPS then chose not to depose Mr. Gauthier after UPS's counsel interviewed him by phone in February 2024.  (Gauthier Decl. ¶ 17).

Rule 37(c)(1) does not permit a party to disclose a witness, decline to depose him, and then exclude his testimony as "undisclosed."

**C. UPS Cannot Demonstrate Prejudice as a Matter of Law**

Even if Rule 37(c)(1) were implicated (it is not), exclusion would still be improper because any alleged failure was harmless.

UPS cannot show prejudice where:

- UPS disclosed the witness;

- UPS knew the subject of his knowledge;

- UPS controlled the underlying investigation; and

- UPS had the opportunity to conduct discovery.

Indeed, UPS went further—it contacted Mr. Gauthier during the litigation, confirming its awareness of his relevance.  (Gauthier Decl. ¶ 17).

Any claimed prejudice arises not from nondisclosure, but from the substance of Mr. Gauthier's testimony—that it contradicts UPS's investigative record.  Rule 37(c)(1) does not permit exclusion on that basis.

**D. The Court's Ruling Imposes a Disclosure Requirement Not Found in Rule 26**

The Court's exclusion of Mr. Gauthier's declaration rests on the premise that Plaintiff was required to disclose the specific substance of Mr. Gauthier's declaration in advance.  That is not the law.

Rule 26 requires disclosure of witnesses, and the subjects of their knowledge. It does not require a party to preview sworn testimony or fully develop a witness's declaration prior to summary judgment.

By imposing such a requirement, the Court effectively expands Rule 26 beyond its text and creates a heightened disclosure standard unsupported by the Federal Rules.

14

## E.  The Error Was Outcome-Determinative

Mr. Gauthier's declaration directly challenges the integrity of UPS's investigation, providing direct evidence that statements attributed to him were fabricated by the purported investigator.  This evidence is central to Plaintiff's showing of pretext. Its exclusion materially affected the Court's summary judgment analysis and resulted in manifest injustice.

### Conclusion of Section III

Because Rule 37(c)(1) applies only where there has been a failure to comply with Rule 26(a) or (e)—and no such failure occurred here—and because UPS itself disclosed the witness and cannot demonstrate prejudice, the exclusion of Mr. Gauthier's declaration constitutes clear legal error requiring reconsideration.

## IV.    RELIEF IS NECESSARY TO PRESERVE THE INTEGRITY OF THE JUDGMENT

The combined effect of the Court's rulings was to exclude Plaintiff's most probative evidence of pretext.  By (1) excluding the "sham investigation" evidence, and (2) excluding testimony exposing flaws in that investigation, the Court effectively removed the factual foundation of Plaintiff's claims.

These errors are clearly erroneous, contrary to controlling law, and outcome-determinative.  Relief is therefore warranted under Rule 59(e) and Rule 60(b).

### CONCLUSION

Accordingly, Plaintiff respectfully requests that the Court:

15

1. Grant this Motion for Reconsideration under Rules 59(e) and 60(b);

2. Vacate or amend its Order adopting the Report and Recommendation;

3. Reverse its rulings excluding (a) evidence of the sham investigation and (b) the declaration of Jason Gauthier; and

4. Reconsider Defendant's Motion for Summary Judgment in light of the full record.

Respectfully submitted this 22nd day of April, 2026.

**STRICKLAND DEBROW LLP**


*/s/ Vernon M. Strickland*
Vernon M. Strickland
Georgia Bar No. 345346
Kimberly Bourroughs Debrow
Georgia Bar No. 231480
Joy D. Bonner
Georgia Bar No. 43979
246 Bullsboro Drive, Suite A
Newnan, Georgia 30263
Tel: (470) 683-4402
Fax: (470) 683-4412
vstrickland@stricklanddebrow.com
kbdebrow@stricklanddebrow.com
jbonner@stricklanddebrow.com

*Counsel for Plaintiff Waring Lester*

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

WARING LESTER,

      Plaintiff,

v.

                           Case No. 1:23-cv-04064-ELR

UNITED PARCEL SERVICES, INC.,

      Defendant.

## CERTIFICATE OF RULE 7.1 COMPLIANCE
## AND CERTIFICATE OF SERVICE

I hereby certify that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.  I also certify that on April 22, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 22nd day of April, 2026.

                                        */s/ Vernon M. Strickland*
                                        Vernon M. Strickland
                                        Georgia Bar No. 345346