# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WARING LESTER,

      Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

      Defendant.

Case No. 1:23-cv-04064-ELR

## PLAINTIFF'S MOTION TO DISALLOW DEFENDANT'S BILL OF COSTS

Plaintiff Waring Lester respectfully moves this Court to disallow, or substantially reduce, the costs sought by Defendant United Parcel Service, Inc. ("UPS"). UPS seeks $17,155.40 in costs, including impermissible videography charges and duplicative transcript expenses that are neither authorized by statute nor "necessarily obtained for use in the case."

For the reasons set forth below, UPS's Bill of Costs should be denied in substantial part.

## I.   LEGAL STANDARD

Rule 54(d)(1) creates a presumption that costs may be awarded to a prevailing party. However, that presumption is strictly limited by 28 U.S.C. § 1920, which specifies six exclusive categories of taxable costs.

The Supreme Court has made clear that courts may not expand those

1

categories. *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 340 (2019) ("A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§1821 and 1920, absent an explicit statutory instruction to that effect").

The Eleventh Circuit recognizes that district courts retain discretion to deny or reduce costs, including based on necessity and the non-prevailing party's financial condition where a sound basis exists. *Chapman v. AI Transp.*, 229 F.3d 1012, 1038–39 (11th Cir. 2000).

## II.    ARGUMENT

### A. Videography Costs Are Not Taxable Under 28 U.S.C. § 1920

UPS improperly seeks recovery of $3,492.50 for deposition videography by characterizing it as part of "fees for printed or electronically recorded transcripts."

This is improper. Section 1920(2) allows recovery only for: "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case."

But videography is not synonymous with a transcript. It is a separate, additional service, and Section 1920 does not expressly authorize recovery of such costs. Under *Rimini Street*, courts may not expand the statutory list of recoverable costs. 586 U.S. at 340. "Costs" are limited to the six categories enumerated in §§ 1821 and 1920.

Because Section 1920 does not list videography as a taxable cost—and UPS

2

has not shown it was necessary rather than merely convenient—the entire videography charge must be disallowed.

### B. UPS's Transcript Costs Are Duplicative and Not "Necessarily Obtained"

UPS seeks more than $13,000 in transcript-related costs, but the record establishes these expenses were duplicative, unilateral, and unnecessary.

As set forth in the Declaration of Vernon M. Strickland, included here as **Exhibit 1**:

- Plaintiff noticed and took nearly all depositions;

- Plaintiff obtained the original transcripts;

- UPS never requested copies from Plaintiff;

- UPS instead independently ordered duplicate transcripts at additional cost.

- UPS also requested that each of the witnesses "read and sign" their deposition transcripts, which provided a copy of the transcript without charge.

For example, Plaintiff paid **$1,583.40** for the Harold Washington transcript; UPS paid **$1,902.90** for its own copy of the same transcript, after already requesting that the witness, a UPS employee, read and sign the deposition transcript. (See V. Strickland Dec. at ¶ 8).

Consequently, these costs were incurred for convenience—not necessity.

Because UPS chose to incur redundant expenses rather than obtain available copies of transcripts, those costs should not be recoverable under Section 1920.

3

**C. UPS Has Not Demonstrated That the Claimed Costs Were "Necessarily Obtained"**

Even where transcript costs are generally recoverable, the burden remains on the prevailing party to demonstrate necessity.  In *United States EEOC v. W&O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000), the court emphasized that deposition costs incurred merely for convenience, thorough preparation, or investigation are not recoverable.  *Id.* at 620.

UPS's itemization merely lists deposition costs without establishing:

- Why each transcript was necessary;

- Why additional copies were required; or

- Why videography, even if it were allowed as  cost by the statute, was needed in addition to stenographic transcripts.

Such conclusory submissions are insufficient to justify taxation of costs.

**D. Plaintiff's Financial Condition Warrants Denial or Reduction of Costs**

Even if some costs were technically recoverable, the Court should exercise its discretion to reduce or deny them based on Plaintiff's financial condition.

As established in Plaintiff's sworn declaration included herewith as **<u>Exhibit 2</u>**:

- His income has been reduced to approximately one-quarter of his prior earnings;

- He lost approximately $4,000,000 in equity compensation;

- Litigation costs have substantially depleted his resources;

- Payment of the requested costs would impose significant hardship.

The Eleventh Circuit permits courts to consider a non-prevailing party's financial condition when determining the amount of costs to award. *Chapman*, 229 F.3d at 1039. This is precisely the type of case where equitable discretion should be exercised.

### E. Equity and Fairness Further Support Denial

This case was brought in good faith to vindicate federal rights pursuant to a statutorily authorized EEOC right to sue notice. There is no allegation of misconduct by Plaintiff that would justify imposing substantial costs as a penalty.

Awarding over $17,000 in costs—particularly where they include unnecessary expenses—would be inequitable and inconsistent with Rule 54(d).

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Disallow all videography costs;

2. Disallow unnecessary transcript costs;

3. Substantially reduce or deny the remaining costs based on lack of necessity and Plaintiff's financial condition; and

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 4th day of May, 2026.

**STRICKLAND DEBROW LLP**

*/s/ Vernon M. Strickland*
Vernon M. Strickland
Georgia Bar No. 345346
Kimberly Bourroughs Debrow
Georgia Bar No. 231480
Joy D. Bonner
Georgia Bar No. 43979
246 Bullsboro Drive, Suite A
Newnan, Georgia 30263
Tel: (470) 683-4402
Fax: (470) 683-4412
vstrickland@stricklanddebrow.com
kbdebrow@stricklanddebrow.com
jbonner@stricklanddebrow.com

*Counsel for Plaintiff Waring Lester*

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WARING LESTER,

      Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

      Defendant.

Case No. 1:23-cv-04064-ELR

## CERTIFICATE OF RULE 7.1 COMPLIANCE
## AND CERTIFICATE OF SERVICE

I hereby certify that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.  I also certify that on May 4, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 4th day of May, 2026.

                                */s/ Vernon M. Strickland*
                                Vernon M. Strickland
                                Georgia Bar No. 345346