# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

WARING LESTER,

       Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

       Defendant.

Case No.
1:23-cv-04064-ELR-AWH

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Waring Lester filed a motion for reconsideration [ECF No. 126] where he does little more than repeat arguments that the Magistrate Judge and the Court considered and previously rejected—often based on documents or facts that he failed to present in his objections.

Lester requests reconsideration on two grounds. First, he claims the Court erred by declining to consider his argument that a plethora of UPS employees conspired to fabricate an investigation against him. (Mot. Reconsideration 1, ECF No. 126.) Second, Lester faults the Court for excluding the declaration of Jason Gauthier to the extent Gauthier claimed that UPS falsely claimed that he made certain statements during an interview. (*Id.* 10-14.)

Both are issues that Lester raised and the Court rejected in adopting the Magistrate Judge's R&R, and no justification exists to revisit that conclusion through a motion for reconsideration. The Court should therefore deny Lester's motion.

**Standard of Review**

The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. *See Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration should be filed only when "absolutely necessary." L.R. 7.2(E), NDGa. "The only grounds for granting a motion for reconsideration 'are newly-discovered evidence or manifest errors of law or fact.'" *United States v. Dean*, 838 F. App'x 470, 471-72 (11th Cir. 2020) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). "[C]lear error or manifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Great Lakes Ins. SE v. Boat Rental Miami, Inc.*, Case No. 19-20623-CIV-ALTONAGA/Goodman, 2020 WL 264674, at *6 (S.D. Fla. Jan. 17, 2020) (quotations omitted).

Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show

2

the Court how it "could have done it better" the first time. *See Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs.*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). "In other words, a party may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Pediatric Med. Devices, Inc. v. Ind. Mills & Mfg., Inc.*, 961 F. Supp. 2d 1241, 1243 (N.D. Ga. 2013).

**The Court Correctly Excluded Lester's New Theory at Summary Judgment**

The Magistrate Judge correctly concluded that Lester could not raise a new theory at summary judgment that Lester failed to disclose in his Complaint, describe in discovery responses, or raise during his deposition. (*See* R&R 14, ECF No. 114.) This Court correctly found no clear error in that recommendation and adopted it. (*See* Order 7-8, ECF No. 124.)

Lester first claims that the Court erred in adopting this recommendation because he alleged UPS conducted a fraudulent investigation in his Complaint. (Mot. Reconsideration 3, ECF No. 126.) To do so, Lester points the Court to an allegation in his Complaint that UPS's investigation "concerning Jerwin Burke was pretext and **a sham** for racial discrimination against Mr. Lester." (*Id.* (emphasis in original).) Setting aside that Lester could have but failed to point to this allegation to support his objections, this is little more than a legal conclusion describing one formulation

3

of pretext.[1] *See, e.g.*, *Chayegan v. L'Oreal, S.A.*, 226 F. App'x 934, 935 (11th Cir. 2007). And the following allegations in the Complaint detail a theory that Lester entirely abandoned involving procedural departures from an inapplicable policy. (*See* Compl. ¶¶ 79-91, ECF No. 1.)

The Eleventh Circuit recently affirmed this Court on a similar evidentiary exclusion. In *Sorenson v. Delta Air Lines, Inc.*, --- F.4th ----, 2026 WL 1090720, at *3 (11th Cir. Apr. 22, 2026), the Court granted summary judgment on a claim by pilots who alleged that Delta violated USERRA in how it managed military leave. As part of its order granting summary judgment, the Court declined to consider the pilots' new contention at summary judgment that an additional kind of leave should also be considered as a newly asserted theory at summary judgment. *Id.* at *3 n.3.

The Eleventh Circuit affirmed and rejected this attempted amendment because the pilots raised a new "basis for entitlement" that was absent from their complaint. *Id.* So too here. Lester's summary judgment response "effect[ed] a fundamental change in the nature" of his claims by pivoting from claiming that UPS violated certain (inapplicable) procedural requirements for investigations with Bremerman as the only person who discriminated against him to theorizing a conspiracy by a host of UPS employees that made up witnesses statements. *See Hurlbert v. St. Mary's*

---

[1] A party may not use a motion for reconsideration to advance a new argument that could have been made earlier. *Hernandez v. Metro. Atlanta Rapid Transit Auth. (Marta)*, No. 1:08-CV-1852-TCB, 2011 WL 13161794, at *2 (N.D. Ga. Feb. 22, 2011).

*Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006). That theory was not advanced or disclosed in discovery. That theory is contradicted by Lester's discovery responses and testimony. And that theory was properly excluded by the Court. *See Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017); *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1258 n.27 (11th Cir. 2012); *see also MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 548 F. Supp. 3d 1269, 1278 (S.D. Fla. 2021), *aff'd sub nom. MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, 60 F.4th 1314 (11th Cir. 2023).

To argue otherwise, Lester seeks refuge in Rule 8 to argue that he need only provide "fair notice of the claim and its grounds," which "does not require a plaintiff to plead legal theories, evidentiary detail, or the precise manner in which proof will be established." (Mot. Reconsideration 4, ECF No. 126.) The Eleventh Circuit disagrees. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (recognizing that "the liberal pleading standards under . . . Rule 8(a) are inapplicable after discovery has commenced").

Lester then, for the first time, claims that UPS cannot show prejudice from his new theory at summary judgment. (Mot. Reconsideration 8-9, ECF No. 126.) His proposal must be rejected because it would be "remarkably unfair" and wasteful to allow a plaintiff to generally allege discrimination, present one theory in his discovery responses and deposition testimony, then present an entirely new basis for

(1) who discriminated against the plaintiff; (2) what the discriminatory action was; and (3) what facts the plaintiff relies on and supports their claim. *McCreight v. AuburnBank*, 117 F.4th 1322, 1332 (11th Cir. 2024);[2] (*see also* R&R 12-14, ECF No. 114.) UPS cannot learn what facts Lester contends support his claim until his response to UPS's motion for summary judgment is filed. The Court did not err in excluding Lester's reconfigured theory of liability, nor can Lester use reconsideration to try to make a more persuasive case by citing different evidence and facts than he presented in his objections. The motion must be denied.

### The Court Did Not Err by Excluding the Gauthier Declaration

Second, Lester asks the Court to reconsider its decision to partially exclude the post-discovery declaration of Jason Gauthier. (Mot. Reconsideration 12-15, ECF No. 126.) The Magistrate Judge did not err in partially excluding this declaration, and this Court did not err in finding no clear error in the Magistrate Judge's decision.

The Magistrate Judge excluded Gauthier's statement that notes taken by another UPS employee during Gauthier's investigation interview contained false statements. (R&R 5-10, ECF No. 114.) The Magistrate Judge acknowledged that Gauthier had been identified as a witness with knowledge by UPS, but Lester's

---

[2] *McCreight* does not help Lester. There, the Eleventh Circuit held that a plaintiff need not specifically plead mixed-motive liability. *Id.* That makes sense; mixed motive liability entails consideration of *both* a discriminatory input *and* a nondiscriminatory input. *Id.* at 1331. The Eleventh Circuit did not find that a plaintiff who alleged discrimination is free to argue anything, as long as it involves discrimination by the defendant against the plaintiff.

discovery responses did not "disclose or even hint at what Gauthier now alleges in his declaration—that Cantrell's interview notes were false." (R&R 7, ECF No. 114.) The Magistrate Judge found that this declaration, which was not executed until after the close of discovery,[3] should be partially excluded and that, had Lester provided notice of this information, UPS would have deposed Gauthier. (*Id.* 10.)

Lester argues that Gauthier's declaration should have considered because UPS "was aware of the witness and the subject matter of the testimony." (Mot. Reconsideration 12, ECF No. 126.) Lester is half-right; UPS listed Gauthier as a witness, but there is no evidence in the record that UPS had knowledge (or even reason to believe) that Gauthier would testify that statements in notes for his interview were false.

Lester next argues that, even if this information should have been disclosed, his failure to do so did not prejudice UPS.[4] (*Id.* 12-13.) Initially, Lester's disagreement with the Magistrate Judge's decision does not amount to clear error. *See Long v. E. Coast Waffles, Inc.*, 762 F. App'x 869, 871 (11th Cir. 2019) (affirming trial court's admission of evidence "[e]ven if [the reviewing panel] might have

---

[3] The Magistrate Judge also noted that Gauthier did not review Cantrell's notes until July 3, 2025— after the close of discovery.

[4] Lester does not expressly argue that his failure was substantially justified.

decided differently in the first instance" under an abuse of discretion standard of review).

Yet even if the Court took a *de novo* look at the prejudice to UPS, it should not disturb its prior ruling. During discovery, UPS contacted Gauthier and, based on that conversation, made the decision to not subpoena him. (*See* Gauthier Decl. ¶ 17.) Had Gauthier made the statements he did in his declaration, UPS would have proceeded differently, including by deposing Gauthier and confronting him with documents that fundamentally contradict statements in his declaration. Lester, like UPS, could have contacted Gauthier during discovery. Indeed, Lester testified that he and Gauthier spoke shortly before Lester's deposition. (Lester Dep. 24:12-27:9, ECF No. 82.)

Nothing prevented Lester or his counsel from contacting Gauthier during discovery rather than waiting until after the close of discovery and after UPS filed for summary judgment to figure out what facts Lester would cite to oppose it. *See Edwards v. Nat'l Vision, Inc.*, 946 F. Supp. 2d 1153, 1159-60 (N.D. Ala. 2013) (finding that striking an undisclosed witness declaration was appropriate despite the defendant's knowledge that the declarant was a potential witness and the plaintiff's identification of the declarant in her initial disclosures), *aff'd*, 568 F. App'x 854 (11th Cir. 2014). The Magistrate Judge correctly found that the failure to disclose this information prejudiced UPS, and Lester has not provided any reason for the Court

to revisit its determination that the Magistrate Judge did not clearly err in that determination.

## I.    CONCLUSION

After the Court overruled Lester's objections, Lester filed a motion for reconsideration asserting the same arguments but citing new cases and different parts of the record. Lester cannot belatedly supplement his objections by seeking reconsideration. And even if the Court considered the additional facts and cases he offers, the Court still lacks any basis to find clear error in the Magistrate Judge's evidentiary determinations.[5] Accordingly, UPS respectfully requests that the Court deny Lester's motion for reconsideration.

Respectfully submitted, this 6th day of May, 2026.

*s/ Alex Meier*

Alex Meier

Georgia Bar No. 282350

LEE MEIER BURKE, LLC

695 Pylant Street

Suite 105

Atlanta, GA 30306

Telephone: 404.999.4798

ameier@leemeierburke.com

*Counsel for Defendant*

---

[5] Lester argues these issues are outcome determinative, but the Court alternatively held that "even considering the sham investigation evidence, the R&R's conclusion is still proper." (Order 20, ECF No. 124.)

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to L.R. 7.1D (N.D. Ga.), the undersigned certifies through undersigned counsel that this filing has been prepared in Times New Roman, size 14-point font, which is one of the fonts approved by L.R. 5.1C (N.D. Ga.).

*s/ Alex Meier*
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of May, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to all counsel of record.

*s/ Alex Meier*
*Counsel for Defendant*