**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

WARING LESTER,

        Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

        Defendant.

Case No.
1:23-cv-04064-ELR-AWH

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION TO DISALLOW COSTS**

Plaintiff Waring Lester filed a motion opposing UPS's bill of costs [ECF No. 128]. Lester's motion should be denied. The prevailing party is presumptively entitled to recover statutory costs and any reduction for otherwise allowable costs "is in the nature of a penalty for some defection on [the prevailing party's] part in the course of litigation." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (citation omitted). Nothing in Lester's cursory set of objections warrants a departure from awarding a prevailing party its costs.

First, Lester argues that the Court should exclude a videographer fee for Lester's deposition because videography is not a "transcript" within the meaning of 28 U.S.C. § 1920. (Mot. Disallow Costs 2, ECF No. 128.) Lester cites no case law to support his argument, and Eleventh Circuit courts permit the recovery of

videography fees. *See, e.g.*, *Morrison v. Reichold Chems., Inc.*, 97 F.3d 460 (11 Cir. 1996); *see also Shepherd v. Vintage Pharms., LLC*, No. 1:11-CV-3805-SCJ, 2017 WL 11633868, at *2 (N.D. Ga. Jan. 3, 2017) (collecting cases). This objection should be denied.

Second, Lester claims that UPS's transcripts were duplicative because Lester's counsel also ordered them, and UPS obtained a draft by asking for an opportunity for the witness to read and sign. (*Id.* 3) A party isn't required to split transcript costs with an opposing party or use the draft transcript circulated for witness review to avoid paying for a certified copy.

Third, Lester argues that UPS failed to establish that these transcripts were necessary during the litigation. (*Id.* 4.) The bill of costs form includes a sworn declaration that the costs were necessarily incurred. (*See* Bill of Costs, ECF No. 127.) And these depositions were all used in connection with summary judgment briefing. (*See* Dep. Trs., ECF Nos. 79-83; Pl.'s Statement Material Facts, ECF Nos. 99-5, 99-10, 99-11, 99-12, 99-16, 99-17, 99-21.)

Fourth, Lester asks for the Court to reduce or eliminate costs because of his financial condition. (Mot. Disallow 4-5.) Lester has a base salary of at least $250,000 in his current position, so he has the financial means to pay UPS's requested costs. (*See* Lester Interrogatory No. 13, ECF No. 78-35.) Moreover, "[i]f a district court in determining the amount of costs to award chooses to consider the non-prevailing

party's financial status, it should require *substantial documentation* of a *true inability to pay*." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (emphasis added). Lester offered only a cursory declaration that he makes less now than he used to make, which falls well short of his burden to demonstrate a true inability to pay using substantial documentation.

UPS therefore requests that the Court deny Lester's motion in its entirety.

Respectfully submitted, this 18th day of May, 2026.

> *s/ Alex Meier*
> Alex Meier
> Georgia Bar No. 282350
> LEE MEIER BURKE, LLC
> 695 Pylant Street
> Suite 105
> Atlanta, GA 30306
> Telephone: 404.999.4798
> ameier@leemeierburke.com
>
> *Counsel for Defendant*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

Pursuant to L.R. 7.1D (N.D. Ga.), the undersigned certifies through undersigned counsel that this filing has been prepared in Times New Roman, size 14-point font, which is one of the fonts approved by L.R. 5.1C (N.D. Ga.).

*s/ Alex Meier*
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to all counsel of record.

*s/ Alex Meier*
*Counsel for Defendant*