IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WARING LESTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICES, INC.,<br><br>Defendant. | Case No. 1:23-cv-04064-ELR |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISALLOW DEFENDANT'S BILL OF COSTS**

Plaintiff Waring Lester respectfully submits this Reply in Support of his Motion to Disallow Defendant United Parcel Service, Inc.'s ("UPS") Bill of Costs.

UPS's Response confirms that substantial reductions are warranted. UPS does not rebut Plaintiff's evidence that many of the transcript costs sought were duplicative and incurred for convenience rather than necessity. Nor does UPS provide any case-specific evidence demonstrating that the challenged costs were "necessarily obtained for use in the case." Finally, via his *Third Declaration of Waring Lester* included as the Exhibit hereto, Plaintiff has supplemented the record with substantial documentary evidence establishing the extraordinary financial burden already imposed by this litigation and the significant hardship that would result from taxing an additional $17,155.40 in costs.

1

I.    **UPS HAS FAILED TO REBUT PLAINTIF'S EVIDENCE THAT MANY OF THE CHALLENGED COSTS WERE DUPLICATIVE AND INCURRED FOR CONVENIENCE**

Plaintiff submitted sworn evidence establishing that, with the exception of Plaintiff's deposition, Plaintiff noticed and took all the depositions in this case, arranged for the court reporters, and purchased the original deposition transcripts. Plaintiff further established that UPS never requested copies of those transcripts from Plaintiff and instead, obtained **free** witness copies and still elected to independently purchase additional copies.

UPS does not dispute any of those facts.

UPS does not dispute Plaintiff's evidence that UPS requested "read and sign" copies for its own employee witnesses and then separately ordered additional transcript copies. Indeed, the deposition excerpts submitted by Plaintiff demonstrate that UPS specifically requested "read and sign" review for every UPS witness before ordering its own transcript copy.

Instead of addressing these facts, UPS merely argues that it was not required to "split transcript costs" with Plaintiff. That argument misses the point.

Plaintiff has never argued that UPS was obligated to share costs with Plaintiff. Rather, Plaintiff's position is that UPS bears the burden of demonstrating that the additional transcript expenses it incurred were "necessarily obtained for use in the case" rather than purchased merely for convenience. UPS's response offers no

2

explanation why triplicate copies of transcripts already ordered and obtained by Plaintiff, and separately obtained by UPS at no cost, were necessary under the circumstances presented here.

The Court should therefore decline to tax those duplicative transcript expenses.

## II.   UPS'S CONCLUSORY ASSERTION OF NECESSITY IS INSUFFICIENT TO SATISFY ITS BURDEN

UPS next argues that necessity is established because its Bill of Costs contains a declaration stating that the costs were necessarily incurred and because deposition testimony was cited during summary judgment proceedings.

Neither argument satisfies UPS's burden.

The prevailing party bears the burden of demonstrating that the particular costs sought are recoverable under 28 U.S.C. § 1920 and were necessarily obtained for use in the case.  A conclusory assertion of necessity does not establish necessity. *Perez v. Saks Fifth Ave., Inc.*, 2011 U.S. Dist. LEXIS 161504, *26, 2011 WL 13172510 (S.D. Fla Feb. 14, 2011) ("A conclusory claim that the documents were necessary is insufficient to permit recovery."); *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) ("A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made.").

Likewise, the fact that deposition testimony was referenced during summary

judgment briefing does not automatically render every transcript-related charge taxable.  UPS must still demonstrate that the particular expenses sought were necessary rather than merely convenient.

Notably absent from UPS's response is any explanation:

- why separate transcript copies were required when UPS obtained free copies of the transcript for each of its employee witnesses, and Plaintiff had already purchased the originals;

- why the challenged transcript-related expenses were necessary rather than convenient;

- why videography was necessary in addition to stenographic transcripts; or

- why the additional costs incurred by UPS were reasonably required for litigation of the case.

Instead, UPS relies entirely upon generalized assertions.

Such conclusory statements are insufficient to meet the prevailing party's burden, particularly where Plaintiff has presented affirmative evidence demonstrating that many of the challenged costs resulted from UPS's unilateral decision to purchase additional transcript copies and services.

## III.  PLAINTIFF HAS NOW PROVIDED SUBSTANTIAL DOCUMENTATION OF FINANCIAL HARDSHIP

UPS principally argues that Plaintiff's original declaration does not provide sufficient documentation of financial hardship under *Chapman v. AI Transport*, 229

F.3d 1012 (11th Cir. 2000).

In response, as the Exhibit hereto, Plaintiff has submitted his Third Declaration accompanied by documentary evidence establishing the actual financial burden imposed by this litigation.

The supplemental evidence demonstrates that Plaintiff has personally paid:

- $11,082.50 in attorney's fees and litigation expenses to Wargo & French LLP;

- $283,468.95 in attorney's fees and litigation expenses to Strickland Debrow LLP; and

- a total of at least $294,551.45 in attorney's fees and litigation expenses pursuing this action against UPS.

The supplemental evidence further establishes that an additional $24,164.20 in attorney's fees and litigation expenses incurred since February 1, 2026, remains outstanding and unpaid, bringing the total financial burden of this litigation to **more than $318,715.65**.

These expenditures have substantially depleted Plaintiff's available financial resources.

UPS's response focuses exclusively on Plaintiff's current salary while ignoring the broader financial realities reflected in the record. Plaintiff previously established that his current earnings are approximately one-quarter of his former UPS income and that he lost approximately $4 million in equity compensation as a

5

result of his termination. The Third Declaration now provides documentary proof that Plaintiff has also expended more than $318,000 pursuing this litigation in good faith.

This is precisely the type of concrete evidence *Chapman* contemplates when permitting courts to consider a non-prevailing party's financial condition.

The issue is not whether Plaintiff earns income.  The issue is whether imposing an additional $17,155.40 in costs would create substantial hardship when Plaintiff has already suffered a dramatic reduction in earnings, lost substantial equity compensation, and expended more than $318,000 pursuing his federal civil-rights claims.

The answer is plainly yes.

## IV.   EQUITABLE CONSIDERATIONS FAVOR REDUCTION OR DENIAL OF COSTS

This action was brought pursuant to an EEOC Notice of Right to Sue and was litigated in good faith through extensive discovery and dispositive motion practice.

There has been no finding that Plaintiff acted in bad faith, pursued frivolous claims, engaged in discovery misconduct, or unnecessarily multiplied the proceedings.[1]

---

[1] Plaintiff further notes that summary judgment was not entered because the Court determined Plaintiff's discrimination and retaliation claims lacked factual support. Rather, the Court excluded Plaintiff's principal evidence regarding UPS's investigation after concluding that Plaintiff's contention that the investigation was a

Plaintiff personally funded years of litigation in an effort to vindicate rights protected by federal law.  Having already incurred more than $318,000 in attorney's fees and litigation expenses, Plaintiff now faces UPS's request for an additional $17,155.40 in costs.

Under these circumstances, equity weighs strongly against imposing the full amount of costs sought by UPS.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court disallow the challenged costs sought by UPS.  Alternatively, Plaintiff requests that the Court substantially reduce any award of costs based upon UPS's failure to demonstrate necessity and Plaintiff's documented financial condition.

Respectfully submitted this 1st day of June, 2026.

**STRICKLAND DEBROW LLP**

_/s/ Vernon M. Strickland_
Vernon M. Strickland
Georgia Bar No. 345346
Joy D. Bonner

---

"sham" constituted a new theory raised at summary judgment.  Plaintiff respectfully disagrees with that ruling and has moved for reconsideration, noting that the Complaint expressly alleged that UPS's "purported internal investigation concerning Jerwin Burke was pretext and a sham for racial discrimination against Mr. Lester." (Compl. ¶ 79).  See Plaintiff's Rule 59(e) and Rule 60(b) Motion for Reconsideration (Doc. 126 at 3-10) and Plaintiff's Reply in Support thereof (Doc. 131 at 1-8), that Paragraph 79 of his Complaint expressly pleaded the sham-investigation theory.

Georgia Bar No. 43979
Kimberly Bourroughs Debrow
Georgia Bar No. 231480
246 Bullsboro Drive, Suite A
Newnan, Georgia 30263
Tel: (470) 683-4402
Fax: (470) 683-4412
vstrickland@stricklanddebrow.com
kbdebrow@stricklanddebrow.com
jbonner@stricklanddebrow.com

*Counsel for Plaintiff Waring Lester*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

WARING LESTER,

      Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

      Defendant.

Case No. 1:23-cv-04064-ELR

## <u>CERTIFICATE OF RULE 7.1 COMPLIANCE</u>
## <u>AND CERTIFICATE OF SERVICE</u>

I hereby certify that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C. I also certify that on June 1, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 1st day of June, 2026.

*/s/ Vernon M. Strickland*
Vernon M. Strickland
Georgia Bar No. 345346