IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WARING LESTER,

        Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

        Defendant.

Case No. 1:23-cv-04064-ELR

**PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE PURSUANT TO 28 U.S.C. § 455(a)**

Plaintiff Waring Lester respectfully moves for disqualification of the presiding judge pursuant to 28 U.S.C. § 455(a). This motion is not based upon disagreement with any particular ruling entered in this case, nor does Plaintiff contend that the Court intentionally acted improperly. Rather, since entry of the Court's dispositive rulings, the Judicial Council of the Eleventh Circuit has issued public findings concerning chambers operations, supervision of law clerks, judicial engagement in civil matters, and the degree of personal attention devoted to civil-case adjudication. When those findings are considered together with the procedural history of this action, a reasonable observer could question whether Plaintiff received the degree of independent judicial review contemplated by Article III and required by 28 U.S.C. § 455(a).

1

## I.    LEGAL STANDARD

Section 455(a) provides that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The standard is objective and asks whether a fully informed, disinterested observer would entertain a significant doubt concerning the judge's impartiality. The statute is designed not merely to prevent actual bias, but to preserve public confidence in the integrity of the judicial process.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-860, 108 S. Ct. 2194, 2202 (1988); also Code of Conduct for United States Judges, Canon 3(B)(6).

Plaintiff does not contend that the Court harbors personal animus toward Plaintiff or counsel.  Instead, Plaintiff submits that the circumstances described below create an objectively reasonable question concerning the integrity and independence of the judicial decision-making process in this case.

## II.    THE JUDICIAL COUNCIL'S FINDINGS REGARDING CIVIL-CASE REVIEW AND CHAMBERS OPERATIONS

On February 11, 2026, the Judicial Council of the Eleventh Circuit entered an Order adopting findings made by a Special Committee appointed to investigate judicial misconduct allegations involving the presiding judge (the "Order").[1]  A highlighted copy of said Order is attached hereto as the **Exhibit**.

---

[1] The Order does not publicly identify the judge, and Plaintiff is relying on media reports that identify U.S. District Judge Eleanor Ross as the judge in question.

Although the Judicial Council ultimately concluded that the evidence did not support a formal misconduct finding concerning civil-case supervision, the Council nevertheless expressed concern regarding the judge's engagement in civil matters.

According to the Judicial Council's findings:

(a) each of six former law clerks reported that when assigned substantive civil motions, they received little or no direction concerning how the motions should be decided, (Order at Section I.E.3, *Information About the Staff-Treatment and Staff Supervision Allegation*);

(b) it was generally understood that the judge did not wish to discuss substantive civil-case issues with law clerks, (*id.*);

(c) the judge rarely substantively edited civil orders prepared by law clerks, (*id.*);

(d) multiple clerks reported discomfort with the level of discretion they appeared to exercise in civil cases, (*id.*);

(e) a former career clerk recalled an instance in which the judge indicated during trial that the judge had only recently read an earlier summary judgment order, (*id.*);

(f) the judge acknowledged that parties' submissions were not reviewed before assigning motions to clerks for preparation of draft orders, (*id.* at Section I.H.3, *Supplemental Response Regarding Civil Case Work*); and

(g) the judge acknowledged the possibility of having relied too heavily on law clerks in the past.  (*Id.*).

The Judicial Council further noted that it was troubled by the law clerks' assertions concerning the judge's engagement in civil cases and expressly referenced the judge's own admissions concerning a lack of engagement.  (*Id.* at Section II, *Misconduct Findings*).

These findings are not newspaper reports, speculation, or allegations by disappointed litigants.  They are findings adopted by the Judicial Council of the Eleventh Circuit after a formal investigation.

## III.   THE PROCEDURAL HISTORY OF THIS ACTION PRESENTS CIRCUMSTANCES DIRECTLY IMPLICATING THOSE CONCERNS

Plaintiff's Complaint expressly alleged that Defendant United Parcel Service, Inc.'s ("UPS") internal investigation was a sham and a pretext for racial discrimination.[2]

---

[2] Plaintiff respectfully submits that the circumstances of this case illustrate why the Judicial Council's findings regarding civil-case review are relevant to the appearance-of-impartiality inquiry. Paragraph 79 of his Complaint expressly alleged that UPS's investigation was a "sham" and a "pretext for racial discrimination." The parties thereafter conducted substantial discovery directed to the investigation itself, including written discovery and depositions concerning the conduct of the individuals involved. Yet, at summary judgment, Plaintiff's evidence concerning the alleged sham investigation was characterized as a purported "new theory" raised for the first time in opposition to summary judgment. This motion does not ask the Court to revisit that ruling or determine whether it was legally correct. Rather, Plaintiff submits that the unusual procedural history of that issue, when viewed together with the Judicial Council's findings regarding the assignment, review, and

Throughout discovery, the parties conducted extensive discovery concerning the investigation itself, including written discovery and depositions directed to the conduct of numerous UPS personnel involved in the investigation.

At summary judgment, however, Plaintiff's evidence concerning the alleged sham investigation was characterized as a purported "new theory" raised for the first time during summary judgment proceedings, notwithstanding that the Complaint itself expressly alleged that the investigation was a sham and pretext for discrimination.

Plaintiff recognizes that adverse rulings do not constitute grounds for recusal. Plaintiff likewise recognizes that allegations concerning legal error are ordinarily matters for appellate review.

This motion does not ask the Court to revisit the merits of any ruling. Rather, Plaintiff submits that when an unusual procedural outcome in a case is considered alongside the Judicial Council's findings concerning the manner in which civil motions were assigned, reviewed, and decided, an objectively reasonable observer could question whether the rulings entered in this matter received the level of independent judicial scrutiny ordinarily expected of an Article III judge.

---

preparation of civil orders, contributes to the objectively reasonable question whether this matter received the degree of independent judicial scrutiny and deliberation expected of an Article III judge.

5

## IV.    A REASONABLE OBSERVER COULD QUESTION WHETHER PLAINTIFF RECEIVED THE INDEPENDENT JUDICIAL REVIEW CONTEMPLATED BY ARTICLE III

The issue presented is not whether any particular ruling was correct or incorrect.  The issue is whether a reasonable observer, fully informed of the Judicial Council's findings and admissions regarding chambers operations, would harbor significant doubt that civil litigants appearing before the Court during the relevant period received independent judicial review of dispositive motions.

The Judicial Council found evidence suggesting that substantive civil motions were routinely assigned without prior review of the parties' submissions, that little substantive guidance was provided to clerks, and that substantive civil orders frequently received little revision before issuance.

Although the Judicial Council declined to find misconduct on this issue, the Council nevertheless found the concerns significant enough to address expressly in its published findings.  (*See* Oder at Section II, *Misconduct Findings*).

Given those findings, public confidence in the judiciary is best served by reassignment of this matter to a different judicial officer for any further proceedings.

## V.    ALTERNATIVE CONCERN REGARDING ABILITY TO DISCHARGE JUDICIAL DUTIES

While the "Misconduct Finding 1" of the Order details concerning behavior by the presiding judge, Plaintiff does not purport to know the cause, basis, or any underlying condition, if any, associated with the presiding judge's behavior.

6

Nevertheless, the Judicial Council's other findings reflect the judge's acknowledgment that sensitive family issues affected the judge's level of engagement during the relevant period.  The findings also reflect concerns expressed by multiple law clerks regarding supervision, review of work product, and the degree of judicial engagement in civil matters.

Whether those circumstances reflect isolated lapses, misconduct, disability, or some combination thereof is not a determination Plaintiff can make.

However, a reasonable observer aware of those findings could legitimately question whether the concerns identified by the Judicial Council may have affected the Court's ability during the relevant period to devote the degree of personal attention required for the discharge of judicial duties.

Plaintiff presents this issue not as an accusation, but as an additional circumstance contributing to the appearance concerns addressed by Section 455(a).

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the presiding judge disqualify herself pursuant to 28 U.S.C. § 455(a), that further proceedings be stayed pending resolution of this motion, and that this matter be reassigned to a different district judge for all further proceedings.

Respectfully submitted this 3rd day of June, 2026.

**STRICKLAND DEBROW LLP**

*/s/ Vernon M. Strickland*
Vernon M. Strickland
Georgia Bar No. 345346
Kimberly Bourroughs Debrow
Georgia Bar No. 231480
Joy D. Bonner
Georgia Bar No. 43979
246 Bullsboro Drive, Suite A
Newnan, Georgia 30263
Tel: (470) 683-4402
Fax: (470) 683-4412
vstrickland@stricklanddebrow.com
kbdebrow@stricklanddebrow.com
jbonner@stricklanddebrow.com

*Counsel for Plaintiff Waring Lester*

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WARING LESTER,

      Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

      Defendant.

Case No. 1:23-cv-04064-ELR

## <u>CERTIFICATE OF RULE 7.1 COMPLIANCE<br>AND CERTIFICATE OF SERVICE</u>

I hereby certify that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.  I also certify that on June 3, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 3rd day of June, 2026.

        */s/ Vernon M. Strickland*
        Vernon M. Strickland
        Georgia Bar No. 345346