**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WARING LESTER,

      Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

      Defendant.

Case No. 1:23-cv-04064-ELR

## **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISQUALIFICATION**

Plaintiff Waring Lester respectfully submits this Reply in support of his Motion for Disqualification pursuant to 28 U.S.C. § 455(a).

In its response, Defendant United Parcel Service, Inc. ("UPS") never engages the sole question presented by Plaintiff's motion: whether the Judicial Council's undisputed factual findings, considered together with the procedural history of this litigation, would cause a fully informed, objective observer reasonably to question the appearance of impartiality under 28 U.S.C. § 455(a). Instead, UPS responds as though Plaintiff were seeking appellate review of prior rulings—a motion Plaintiff expressly did not file in the instant recusal motion.

### I.    **Defendant Does Not Dispute the Factual Basis of Plaintiff's Motion**

Notably, UPS does not dispute any of the factual findings upon which

Plaintiff's motion rests.

UPS does not dispute that:

- the Judicial Council of the Eleventh Circuit conducted a formal investigation into chambers operations;

- the Judicial Council adopted the findings of its Special Committee;

- multiple former law clerks reported receiving little or no substantive direction regarding dispositive civil motions;

- multiple clerks reported that substantive civil orders frequently received little or no substantive editing by the presiding judge;

- the presiding judge acknowledged assigning dispositive civil motions to law clerks before personally reviewing the parties' submissions; or

- the presiding judge acknowledged the possibility that she had relied too heavily upon law clerks in civil matters.

These are not allegations advanced by disappointed litigants, nor are they media reports or speculation. They are findings adopted by the Judicial Council following a formal investigation. Defendant UPS's response does not challenge any of those facts.

Accordingly, the question before the Court is purely legal: whether those undisputed circumstances would cause a fully informed, objective observer reasonably to question whether Plaintiff received the degree of independent judicial

review contemplated by Article III and protected by 28 U.S.C. § 455(a).

## II.    Defendant Addresses a Motion Plaintiff Did Not File

Plaintiff's motion expressly disclaimed any contention that this Court intentionally acted improperly. Likewise, Plaintiff expressly acknowledged that adverse rulings ordinarily do not constitute grounds for recusal and that alleged legal error is ordinarily reviewed through the appellate process.

Instead, Plaintiff explained that the Judicial Council's findings concerning chambers operations, considered together with the unusual procedural history of this case, create an objective appearance question under Section 455(a).

Defendant UPS's response never analyzes that standard. Instead, UPS simply asserts that Plaintiff seeks to "circumvent appellate review." (*Def's Resp. to Pl's Motion to Disqualify* [Doc. 134]).

That is incorrect. Plaintiff does not seek reconsideration of any substantive ruling through the instant recusal motion.[1] Nor does the instant recusal motion ask the Court to determine whether any prior decision was legally correct or incorrect. Rather, Plaintiff asks only whether a reasonable observer could reasonably question the appearance that Plaintiff's case received the independent judicial consideration ordinarily expected of a federal district judge exercising the judicial power vested

---

[1] As a separate motion, *Plaintiff's Rule 59(e) and Rule 60(d) Motion for Reconsideration* [Doc. 126] is currently pending.

by Article III.

That is the precise inquiry required by Section 455(a).

Had the Judicial Council's findings never become known, Plaintiff's disagreement with the Court's rulings would remain solely a matter for appellate review—and Plaintiff's pending motion for reconsideration.  It is the subsequent disclosure of undisputed, officially adopted findings concerning chambers practices—not the existence of adverse rulings themselves—that gives rise to the distinct appearance question presented here.

## III.    The Procedural History of this Case Illustrates—Rather than Establishes--the Appearance Concern

Defendant attempts to characterize Plaintiff's concerns as mere disagreement with prior rulings.  That misses the point.

Plaintiff's recusal motion does not argue that the Court should revisit those rulings.  Rather, Plaintiff cited the procedural treatment of his expressly pleaded allegation that UPS's investigation was a "sham" and "pretext" only because it illustrates why the Judicial Council's findings are relevant to this case.

As Plaintiff has previously demonstrated, Paragraph 79 of the Complaint expressly alleged that UPS's purported investigation "was pretext and a sham for racial discrimination."  During discovery, UPS itself identified twenty-four individuals as participants in that investigation, defended the integrity of the

investigation throughout discovery, and produced extensive discovery concerning its conduct.

Despite that record, Plaintiff's evidence concerning the alleged sham investigation ultimately was characterized as presenting a "new theory."

Plaintiff does not revisit that ruling here.

Nor is Plaintiff's present motion the product of hindsight. Well before the Judicial Council Order publicly identified, or became publicly associated with, the presiding judge, Plaintiff had already argued in his pending Rule 59(e) and Rule 60(b) motion for reconsideration, that this case required nothing more than the ordinary application of settled federal procedural rules. Specifically, Plaintiff advised the Court:

> Plaintiff does not seek special treatment or relaxation of the Federal Rules. Plaintiff seeks only the ordinary application of Rules 8, 26, 37, and 56 as consistently applied in federal practice.

(*Plaintiff's Reply Brief in Support of Rule 59(e) and Rule 60(b) Motion for Reconsideration* at 8 (May 20, 2026) [Doc. 131]).

Plaintiff's concern therefore has never been disagreement with adverse rulings as such. Rather, Plaintiff has consistently maintained that the procedural treatment of this case departed from ordinary federal practice. The subsequently disclosed Judicial Council findings therefore did not create Plaintiff's concern. They independently corroborated that Plaintiff's previously expressed concern regarding

the ordinary application of the Federal Rules was not merely subjective disagreement with adverse rulings, but one capable of objective evaluation under Section 455(a).

Instead, Plaintiff submits only that this unusual procedural history, when viewed alongside the Judicial Council's findings concerning the assignment, supervision, review, and preparation of civil dispositive orders, contributes to the objective appearance issue presented under Section 455(a).

The instant recusal motion therefore does not depend upon whether any particular ruling ultimately proves correct or incorrect. Rather, it depends upon whether an objective observer could reasonably question whether the decision-making process reflected the independent judicial engagement expected of an Article III court.

## IV.   The Judicial Council's Decision Not to Find Judicial Misconduct Regarding Civil-Case Oversight Does Not Resolve the Distinct Question Presented Under Section 455(a)

Defendant UPS may suggest that because the Judicial Council did not find judicial misconduct arising from the presiding judge's supervision of civil cases, the factual findings underlying Plaintiff's motion are immaterial. However, the Judicial Council's Order demonstrates otherwise.

The Special Committee expressly acknowledged that it was "troubled" by the reports concerning the presiding judge's engagement in civil cases and by the

presiding judge's own admissions regarding that issue, while concluding only that those facts did not warrant a finding of judicial misconduct.  (Order at Section II, *Misconduct Findings* [Doc. 133-1 page 16]).

That conclusion does not answer the question presented here.  Judicial misconduct proceedings under 28 U.S.C. §§ 351–364 serve a disciplinary function. Section 455(a), by contrast, asks only whether a fully informed, objective observer could reasonably question the judge's impartiality in light of all the circumstances. Here, Plaintiff submits that the Judicial Council's own findings concerning civil-case oversight are among the circumstances that such an observer would necessarily consider.  A finding of misconduct, bad faith, ethical violation, or disciplinary offense is not a prerequisite to recusal under Section 455(a).

Instead, the purpose of Section 445(a) is "to promote public confidence in the integrity of the judicial process . . . ."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 108 S. Ct. 2194, 2202 (1988).  "The goal of section 455(a) is to avoid even the appearance of partiality."  *Id.* (internal quotation mark and citation omitted).

Accordingly, even accepting the Judicial Council's determination that the facts did not warrant judicial discipline, those same undisputed findings remain directly relevant to whether the appearance of impartiality has been compromised within the meaning of Section 455(a).

## V.    Public Confidence in the Judiciary Favors Reassignment

Section 455(a) exists not merely to prevent actual bias, but to preserve public confidence in the judiciary.  *Liljeberg*, 486 U.S. at 860, 108 S. Ct. at 2202.

The Judicial Council itself expressed concern regarding the level of judicial engagement in civil cases, notwithstanding its ultimate conclusion that those concerns did not warrant a formal misconduct finding on that issue.  Those concerns were sufficiently significant that the Judicial Council addressed them expressly in its published findings.  (See Order at Section II, *Misconduct Findings* [Doc. 133-1 page 16]).

Plaintiff respectfully submits that where those findings coincide with the procedural history presented here, reassignment best serves the appearance of fairness that Section 455(a) was enacted to protect.

Defendant offers no substantive response to that issue.  Instead, Defendant simply labels Plaintiff's motion an effort to avoid appellate review.

Because Defendant has not disputed the factual basis for Plaintiff's motion, and because the motion presents an objective appearance-of-impartiality issue rather than a challenge to the merits of prior rulings, Plaintiff respectfully requests that the Court grant the Motion for Disqualification.

## VI.    Defendant UPS's Response Demonstrates That the Relevant Facts Are Undisputed

Defendant UPS devoted only a single substantive paragraph to responding to

8

Plaintiff's motion—only three sentences. Significantly, UPS did not dispute any factual finding contained in the Judicial Council's Order, did not dispute the admissions reflected therein concerning civil-case review, and did not dispute Plaintiff's description of the procedural history of this action. The sole dispute, therefore, is whether those undisputed facts satisfy the objective standard established by 28 U.S.C. § 455(a). Plaintiff respectfully submits that they do.

Respectfully submitted this 1st day of July, 2026.

**STRICKLAND DEBROW LLP**

*/s/ Vernon M. Strickland*
Vernon M. Strickland
Georgia Bar No. 345346
Kimberly Bourroughs Debrow
Georgia Bar No. 231480
Joy D. Bonner
Georgia Bar No. 43979
246 Bullsboro Drive, Suite A
Newnan, Georgia 30263
Tel: (470) 683-4402
Fax: (470) 683-4412
vstrickland@stricklanddebrow.com
kbdebrow@stricklanddebrow.com
jbonner@stricklanddebrow.com

*Counsel for Plaintiff Waring Lester*

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WARING LESTER,

      Plaintiff,

v.

UNITED PARCEL SERVICES, INC.,

      Defendant.

Case No. 1:23-cv-04064-ELR

## CERTIFICATE OF RULE 7.1 COMPLIANCE
## AND CERTIFICATE OF SERVICE

I hereby certify that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.  I also certify that on July 1, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 1st day of July, 2026.

/s/ *Vernon M. Strickland*
Vernon M. Strickland
Georgia Bar No. 345346