**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| WARING LESTER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:23-CV-04064-ELR |
| | * | |
| UNITED PARCEL SERVICES, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

**ORDER**

_____

Presently before the Court is Plaintiff's Motion for Disqualification of the Presiding Judge Pursuant to 28 U.S.C. § 455(a), [Doc. 133].

Based on the findings of the Judicial Council of the Eleventh Judicial Circuit, see Order, Judicial Compl. No. 11-25-90212 (11th Cir. Judicial Council Feb. 11, 2026) (adopting Amended Final Report of the Special Committee ("Report")), Plaintiff moves for recusal of the undersigned. Plaintiff contends that the "findings" regarding the undersigned's "chambers operations" may cause a reasonable observer to question whether Plaintiff's filings received independent judicial review as well as the undersigned's "level of engagement" in her civil caseload. [Doc. 133 at 2–7].

In accordance with 28 U.S.C. § 455(a), a federal judge must disqualify herself "in any proceeding in which h[er] impartiality might reasonably be questioned."

Section 455(b) provides additional circumstances requiring disqualification.[1] Plaintiff fails to show that any of § 455's circumstances for disqualification are present here. Specifically, Plaintiff fails to point to any source of bias in his motion but instead contends that the undersigned's "pattern of judicial rulings" calls her impartiality into question. [Doc. 133 at 2].[2] However, "judicial rulings alone almost

---

[1] Specifically, § 455(b) provides that a judge

> shall also disqualify h[er]self in the following circumstances:
> (1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice [s]he served as lawyer in the matter in controversy, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where [s]he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) [Sh]e knows that [s]he, individually or as a fiduciary, or his spouse or minor child residing in h[er] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) [Sh]e or h[er] spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>> (ii) Is acting as a lawyer in the proceeding;
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

[2] As evidence of the "unusual procedural history" calling into question the undersigned's impartiality, Plaintiff points to the undersigned's conclusion in the Order adopting the Magistrate Judge's Report and Recommendation ("R&R") that Plaintiff's "sham investigation" theory was a

never constitute a valid basis for a bias or partiality motion." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). And Plaintiff has failed to demonstrate "such pervasive bias and prejudice [in the undersigned's rulings] that it unfairly prejudices one of the parties." <u>United States v. Berger</u>, 375 F.3d 1223, 1227 (11th Cir. 2004) (cleaned up).

Plaintiff's argument for disqualification based on the undersigned's chambers operation fares no better. Specifically, the Report made "no findings of misconduct related to the [undersigned's] treatment or supervision of staff," Report at 20 n.94. While Plaintiff is correct that "[a] finding of misconduct, bad faith, ethical violation, or disciplinary offense is not a prerequisite to recusal under Section 455(a)," [Doc. 135 at 7], Plaintiff fails to justify his contention that the facts in the Report would cause an objective reasonable observer to harbor significant doubt regarding the independent judicial review of motions before the undersigned.

---

new one improperly raised at summary judgment for the first time despite an allegation in his Complaint of that theory. [<u>See</u> Docs. 133 at 4 n.2; 135 at 4–6]. This position is misguided for at least three reasons. First, to support his position, Plaintiff now relies on a specific paragraph in his Complaint that, inexplicably, he identified in neither his opposition brief to summary judgment nor his objections to the R&R. [<u>See</u> Doc. 133 at 4 n.2 (citing Compl. ¶ 79 [Doc. 1]). Plaintiff cannot now argue that the Court erred by failing to credit phantom arguments that he, despite having two opportunities, [<u>see</u> Docs. 113, 120], failed to properly present to the Court. Second, Plaintiff misunderstands the standards of review applicable in civil litigation involving Magistrate Judges. The Magistrate Judge here excluded the "sham investigation" evidence in response to a motion to exclude that evidence, a decision that the undersigned, by statute, reviews for clear error. <u>See</u> 28 U.S.C. § 636(b)(1)(A). Even if the undersigned disagreed with that exclusion of evidence, the undersigned is bound to only reverse that conclusion upon a finding that it was clearly erroneous. Third, Plaintiff conveniently disregards that the Magistrate Judge in fact considered Plaintiff's sham investigation evidence and found that it was insufficient to overcome summary judgment. [Doc. 114 at 35 n.36 ("The undersigned [Magistrate Judge] has excluded the 'sham investigation' as a late-disclosed theory change, but in case the district judge disagrees with that analysis, the undersigned has addressed it here out of an abundance of caution.")]. Plaintiff cannot now relitigate his failed arguments in a motion for disqualification.

Accordingly, the undersigned **DENIES** Plaintiff's Motion for Disqualification. [Doc. 133].

**SO ORDERED**, this 8th day of July, 2026.

Eleanor L. Ross
United States District Judge
Northern District of Georgia